**Diane S. Sykes, OSB 980990**
**Diane S. Sykes, Attorney at Law, P.C.**
diane@dianessykeslaw.com
5911 SE 43rd Avenue
Portland, Oregon 97206
Telephone: (503) 504-7176

**Caitlin V. Mitchell, OSB 123964**
**Johnson, Johnson and Lucas et al.**
cmitchell@justicelawyers.com
975 Oak Street, Suite 1050
Eugene, Oregon 97401

**Of Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON-EUGENE DIVISION

| | |
|---|---|
| **D.M.H., a Minor, and Maria Witt as D.M.H.'s Guardian AD LITEM,**<br><br>        Plaintiff,<br><br>    vs.<br><br>**SPRINGFIELD PUBLIC SCHOOLS, KEVIN WRIGHT, RACHEL ALLEN**, and JOHN AND JANE DOES 1-3,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT**<br><br>Violations of Fourteenth Amendment Equal Protection, 42 U.S.C. § 1983; Discrimination and Retaliation under Title IX, 20 U.S.C. § 1681(a); and Discrimination and Retaliation under Title VI, 42 U.S.C. § 2000d.<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.

Springfield Public Schools ("the District") failed to take effective measures to stop

known bullying, physical assaults, sexual harassment and intimidation of Plaintiff D.H.M. on the

PAGE - 1   **COMPLAINT**

basis of his sex, transgender status, race and national origin. This action arises under the Equal

Protection Clause of the United States Constitution, 14th Amendment; Title VI of the Civil

Rights Act of 1964; and Title IX of the Education Amendments of 1972.

## JURISDICTION AND VENUE

2.

Plaintiff's claims arise under federal law, 42 U.S.C. § 1983, and the Fourteenth

Amendment to the United States Constitution, making federal court jurisdiction proper under 28

U.S.C. § 1343 and 28 U.S.C. § 1331.

3.

Defendants are located in Lane County, Oregon and the events underlying this Complaint

took place there, making venue proper in the District of Oregon, Eugene District.

## PARTIES

4.

Plaintiff D.M.H (hereinafter "Plaintiff"), is a minor child and a resident of Lane County,

Oregon. Plaintiff is Hispanic, transgender and his pronouns are "he/him." In accord with Fed. R.

Civ. P. 17, D.M.H. has filed a Petition to Appoint a Guardian ad litem to represent his interests in

this action.

5.

Maria Witt is an attorney who works and resides in Multnomah County, Oregon and

seeks appointment as Plaintiff's Guardian ad litem (GAL) in this action.

///

///

PAGE - 2   **COMPLAINT**

6.

Defendant Springfield Public Schools (hereinafter "District") is a public school district in Lane County, Oregon. Defendant operates twenty-one (21) schools, including Hamlin Middle School, and has approximately 9,665 students. Defendant Springfield Public Schools receives federal funds.

7.

Defendant Kevin Wright was the Principal of Hamlin Middle School, a Springfield public school, located in Springfield, Oregon, at times relevant to the litigation, and undertook the actions alleged herein under color of state law. He is sued in his individual capacity.

8.

Defendant Rachel Allen was the Vice Principal of Hamlin Middle School, a Springfield public school, located in Springfield, Oregon, at time relevant to this litigation, and undertook the actions alleged herein under color of state law. She is sued in her individual capacity.

9.

Doe Defendants 1-3 are staff at Hamlin Middle School during the relevant time period who personally participated in the discriminatory actions against Plaintiff, as described in the factual allegations below. They undertook the actions alleged herein under color of state law and are sued in their individual capacities.

## FACTUAL ALLEGATIONS

10.

Defendant Springfield Public Schools receives over $24,000,000.00 in federal funding for education.

PAGE - 3  **COMPLAINT**

11.

Approximately 23% of District students identify as Hispanic.

12.

Approximately 14% of Oregon middle school students identify as non-binary.

13.

The District claims "a commitment to providing a safe, positive and productive learning environment for all students."

14.

Defendant Springfield School District 19's Non-Discrimination policy claims that "there will be no discrimination or harassment on the grounds of race, color, sex, marital status, sexual orientation, religion, national origin, age or disability in any educational programs, activities or employment."

15.

District 19's Student Policy on Harassment/Intimidation/Bullying/Cyberbullying/Teen Dating Violence, and Domestic Violence strictly prohibits harassment, intimidation, bullying, and cyberbullying by students, staff, or third parties toward students. Per the policy, students whose behavior is found to be in violation of this policy will be subject to consequences and appropriate remedial action which may include discipline, up to and including expulsion. The principal and the superintendent are responsible for ensuring that this policy is implemented.

16.

Defendant Springfield Public School's Every Student Belongs policy states: "All students are entitled to a high-quality educational experience, free from discrimination or harassment

PAGE - 4   **COMPLAINT**

based on perceived race, color, religion, gender identity, sexual orientation, disability or national origin. …….. All visitors are entitled to participate in a school or educational environment that is free from discrimination or harassment based on perceived race, color, religion, gender identity, sexual orientation, disability or national origin."

17.

Defendant District adopted a Sexual Harassment Policy (Policy JBA/GBN) in 2015, which was readopted it in 2020. A separate policy, JBA/GRN-AR, sets out the District's requirements for investigating sexual harassment complaints.

18.

The District's Student Handbook provides that "when information, a report, or complaint regarding sexual harassment is receive by the district, the district will review such information, report or complaint to determine which law applies and will follow the appropriate procedures. When the alleged conduct could meet both of the definitions in ORS Chapter 342 and Title IX, both complaint procedures should be processed simultaneously."

19.

From the fall of 2021 to the December of 2023, Plaintiff D.M.H. attended Hamlin Middle School, a Springfield public school within Springfield Public School district.

20.

From the inception of Plaintiff's attendance at Hamlin Middle School, he experienced sustained bullying, intimidation and violence by predominantly cis-gendered white students due to his sex, transgender status, race, color and national origin.

///

PAGE - 5   **COMPLAINT**

21.

From November 19, 2021 to October 14, 2022, Plaintiff's parents filed a minimum of fourteen (14) complaints with Defendant District regarding incidents of bullying, physical assault and harassment of Plaintiff by other students, including three (3) incidents of sexual harassment by other students.

22.

Defendant Principal Kevin Wright assumed responsibility for investigating and providing responses to reports of bullying, harassment or assault of student victims who are targeted because of their protected class status. Defendant Vice Principal Rachel Allen assumed responsibility for reports of bullying, harassment or assault of student victims not directed at protected classes.

23.

In October of 2021, Plaintiff reported several incidents in which students physically assaulted him, sexually touched him, and made sexual comments about his mother. Defendants claimed to investigate the inappropriate sexual touching but concluded that Plaintiff was mistaken about the sexual nature of unwanted contact.

24.

On October 11, 2021, Plaintiff reported that a student made sexual comments about Plaintiff's mother, took his food and bent his fingers backwards, causing significant pain.

25.

On January 31, 2022, Plaintiff reported to Defendants District, Hamlin Middle School Principal Kevin Wright, Vice Principal Rachel Allen and his teacher that a male student

PAGE - 6   **COMPLAINT**

inappropriately touched him while saying "For you, I will be gay." Plaintiff's parents only learned of the incident at the end of the day when the family was leaving school grounds. Defendants did not provide an interpreter for the parents in order to adequately apprise them of the events.

26.

The following day, the Vice Principal escorted Plaintiff to the detention room. While the student who had inappropriately touched Plaintiff was permitted to return to class after issuing an apology, the Principal left Plaintiff in detention for a significant portion of the day.

27.

Although Plaintiff was absent for school for one (1) week after the other student assaulted him, no one from the school administration reached out to him.

28.

On February 7, 2022, Plaintiff reported to Defendants that a male student threatened to rape Plaintiff's mother.

29.

On February 11, 2022, Plaintiff reported to Defendants that students were calling him sexually-charged names, such as "hoe." A student taunted Plaintiff, stating "I spent last night with your mom." After Plaintiff reported the incident to Defendants, one of the student aggressors stated "[g]o ahead and cry or call your dad. Things will be even worse on Monday."

30.

On February 14, 2022, Plaintiff's parent contacted Defendants to report that a student had inappropriately touched Plaintiff. Plaintiff's parent asked to meet with the Principal. The call

PAGE - 7   **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

was diverted to a Spanish-speaking staff person who sent an email to the Defendant Kevin Wright to request an appointment. Despite taking down significant information and the family's request that the Spanish-speaking staff person attend the meeting with the Principal to translate, Defendants did not make the Spanish-speaking staff person available to translate.

31.

In April of 2022, Defendants created a safety plan for Plaintiff. However, the plan was not communicated to all teachers and school staff that worked with Plaintiff. Defendants' measures were inadequate and ineffective, as evidenced by continued bullying of Plaintiff after the development of the safety plan.

32.

On April 4, 2022, Plaintiff's parents met with the Defendant Rachel Allen and conveyed their belief that the family was being discriminated against for being Hispanic based on the Defendants' failure to take steps to end bullying, harassment and assault of Plaintiff by students.

33.

On April 8, 2022, a male student struck Plaintiff across the head, necessitating medical assistance. Plaintiff and his parents reported the assault to Defendants and conveyed their belief that the assault was racially motivated. Defendants failed to provide a qualified language interpreter even though they were fully aware that Plaintiff's parents required one in order to meaningfully participate in a meeting with Defendants.

34.

Plaintiff's parents contacted law enforcement after Defendants failed to take prompt and immediate action to investigate the student's assault.

PAGE - 8   **COMPLAINT**

35.

From April to October of 2022, Plaintiff continued to report threats, physical assaults, sexual touching and verbal abuse by students, which included a threat to stab Plaintiff.

36.

On September 12, 2022, a male student punched Plaintiff in the stomach, resulting in extreme physical and emotional pain. Plaintiff reported it to Defendant's Teaching and Learning Director, Whitney McKinley, who responded that she could not do anything because it was too late in the day. Plaintiff was later taken to the hospital for medical treatment.

37.

After Plaintiff reported the September 2022 assault to Defendants, Defendants punished him by requiring him to write a daily report of events and turn them in to the office.

38.

On October 10, 2022, a male student approached Plaintiff and attempted to touch his genitalia in class. Plaintiff informed the teacher, who claimed to report it to the Principal.

39.

By October of 2022, Plaintiff was struggling academically and emotionally due to student bullying, assaults and sexual harassment. Plaintiff's parents requested that the District provide tutoring assistance and mental health counseling services to Plaintiff. Defendants failed to offer or provide support services.

40.

On October 28, 2022, Plaintiff and his parents met Defendants, several district staff and administrators and reported ongoing bullying, discrimination, harassment and safety concerns.

PAGE - 9   **COMPLAINT**

The family continued to request that teachers and staff be made aware of the safety plan and that interpreter services be provided for meetings with the District.

41.

On December 9, 2022, Plaintiff and his parents met with the Defendant Rachel Allen and other school administrators to discuss ongoing bullying and physical violence towards Plaintiff by students.

42.

Student bullying, threats of abuse and physical abuse of Plaintiff by students continued throughout the 2021-2024 school year.

43.

In January of 2023, a teacher joined in on the bullying and verbal abuse in Plaintiff's classroom, only further emboldening students to follow suit.

44.

On or about January 4, 2023, 2023, Plaintiff was physically assaulted in class by the same student who had assaulted Plaintiff on September 12, 2022. The teacher who observed the incident claimed that she would report it to the Principal and Vice Principal but did not do so.

45.

On or about January 11, 2023, student verbally harassed Plaintiff and threw items at him. When Plaintiff sought to defend himself, the student threw Plaintiff to the ground in front of a teacher. Defendant Rachel Allen requested that Plaintiff's mother leave work to pick up Plaintiff and issued a three (3) day suspension to Plaintiff.

///

PAGE - 10  **COMPLAINT**

46.

From January to February of 2023, Plaintiff's parents requested a meeting with Defendants to discuss ongoing abuse of Plaintiff and reiterated concerns about the District's failure to take action in response to Plaintiff's discrimination complaints. Plaintiff's parents conveyed their belief that the District was discriminating against the family on the basis of their race and national origin and requested that interpreters be provided for meetings.

47.

On February 13, 2023, Plaintiff and his parents met with Defendant's Teaching and Learning Director, Whitney McKinley, to request academic assistance for Plaintiff because he was struggling academically due to ongoing discrimination. The Director informed Plaintiff's parents that they would need to seek services outside of the District and denied their request for assistance to transfer Plaintiff to another school.

48.

On March 3, 2023, Plaintiff was harassed by a student and reported the events to Defendant Rachel Allen and his teachers. The teachers who were present took no steps to intervene. Plaintiff's father requested a meeting with Defendant Rachel Allen and other administrators, who delayed in responding, claiming that the concerns were resolved, and cancelled a meeting, set for March 15, 2023, on the evening prior to the meeting. Defendants were aware that Plaintiff's parents had taken time off work to attend the meeting and had requested that an interpreter be present.

///

///

PAGE - 11   **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

49.

On March 8, 2023, after exhausting the District's grievance process, Plaintiff filed an appeal with Oregon Department of Education (ODE) for discrimination against Plaintiff on the basis of Plaintiff's sex, gender identity, race, color and national origin.

50.

On March 24, 2023, Plaintiff's parents held a meeting with Director McKinley and Defendant Rachel Allen to address Plaintiff's hostile school environment and were told there was nothing else that could be done. The administrators again rejected their request to transfer Plaintiff to another school. Director McKinley stated that she would back any decision made by the Vice Principal and Principal.

51.

On April 11, 2023, a male student pushed Plaintiff from behind and hit him on the head in the presence of a teacher who failed to intervene. Plaintiff requested that administrators contact his mother but administrators failed to do so. When Plaintiff's mother arrived, she learned of the assault and attended a meeting with Defendants Kevin Wright and Rachel Allen. Defendants failed to provide a qualified interpreter. A follow-up meeting was set for May 9, 2023 so that Plaintiff's father could participate remotely. Plaintiff's father specifically requested an interpreter for the follow-up meeting. In the meantime, Defendant did not take any steps to separate Plaintiff from his aggressors.

52.

On or about April 21, 2023, the same teacher harassed Plaintiff for hugging a friend in the hallway, stating to Plaintiff "I didn't know you liked being touched."

PAGE - 12   **COMPLAINT**

53.

On May 9, 2023, while waiting to meet with administrators about the April 11, 2023

student assault, the student assailant threatened to shoot Plaintiff. Defendant claimed to

investigate the allegations, ultimately concluding that no substantiated threat was identified.

54.

On May 16, 2023, Plaintiff's father contacted Defendant Rachel Allen to ascertain what,

if any, steps the District had taken to investigate the assault and the firearms threat. Based on

information and belief, Defendants did not inform teachers and staff of the ongoing bullying,

sexual harassment, assaults and threats of harm by students towards Plaintiff.

55.

On May 31, 2023, a teacher yelled at Plaintiff for moving to a seat at different table.

When Plaintiff's parents inquired with the teacher about whether she was aware of a school

safety plan which allowed Plaintiff to move, the teacher informed them that she had never been

advised about the existence of a safety plan.

56.

Defendants, teachers, staff and other administrators were fully aware of ongoing concerns

about protected class bullying, sexual harassment, assaults and intimidation but failed to take

effective steps to keep Plaintiff safe.

57.

During the 2022-2023 school year, Plaintiff's parents attended no less than twenty-eight

(28) meetings with school administrators, including Defendants Kevin Wright and Rachel Allen,

to seek action on Plaintiff's discrimination complaints.

PAGE - 13   **COMPLAINT**

58.

Defendants failed to provide qualified language interpreters during meetings with Plaintiff and his parents, or consistently translate communications and information, with full awareness that Plaintiff's parents are predominantly monolingual Spanish speakers. Instead, the District relied on social service providers or unqualified district staff, when available, to offer sporadic interpreter services.

59.

Student assaults, bullying, intimidation and sexual harassment persisted until Plaintiff's the final days of his attendance at Hamlin Middle School.

60.

On October 24, 2023, ODE interviewed Principal Kevin Wright about what steps he had taken to conduct a sexual harassment investigation of Plaintiff's sexual harassment allegations. Wright admitted that he had not conducted any investigation and, instead, stated that he "came alongside and supported the vice-principal, who was the primary point of contact." Principal Wright further added "I'm not trying to minimize anything, but nothing fell outside the realm of typical behavior of that of a 11, 12 and 13-year old."

61.

On December 13, 2023, ODE concluded its investigation.

62.

On January 27, 2025, Oregon Department of Education issued Preliminary Findings of Fact and Conclusions as follows:

PAGE - 14   **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

A.      Plaintiff was subjected to multiple assaults, bullying and sexual harassment by students.

B.      The District's Principal and Vice Principal failed to investigate Plaintiff's discrimination complaints on the basis of Plaintiff' protected class statuses and, instead, investigated them as general complaints.

C.      The Principal was ultimately responsible for investigating and provided responses to Plaintiff's sexual harassment complaints but failed to do so. He delegated the responsibility to the Vice Principal instead.

D.      The District's Principal and Vice Principal failed to communicate a safety plan to all teachers and school staff that worked with Plaintiff.

E.      The District failed to offer Plaintiff supportive services, academic support or provide written information about state and community-based services to his parents in Spanish.

F.      The District's measures to address Plaintiff's bullying and harassment were inadequate and ineffective.

G.      The evidence supports that Plaintiff was discriminated against based on his sex and gender identity.

H.      Plaintiff was traumatized by these experiences, did not feel safe at school and his attendance and grades were significantly and negatively impacted by school violence and bullying.

63.

On April 3, 2025, Oregon Department of Education issued a Final Order adopting the preliminary order issued on January 27, 2025.

PAGE - 15   **COMPLAINT**

64.

Plaintiff's mental health, grades and attendance suffered because of the unmitigated bullying, intimidation, physical violence and sexual harassment. Plaintiff has been traumatized by these events.

**FIRST CLAIM FOR RELIEF**

**42 U.S.C. § 1983**

**United States Constitution, Fourteenth Amendment Equal Protection**

**Against All Defendants**

65.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

66.

Kevin Wright, Rachel Allen and the Doe Defendants 1-3 discriminated against Plaintiff by:

A.     failing to investigate and respond to known harassment on the basis of Plaintiff's sex, gender identity, transgender status, race, color and/or national origin;

B.     failing to take corrective action to remedy the unlawful discrimination, intimidation, bullying and physical assaults by students;

C.     punishing Plaintiff for reporting unlawful discrimination, intimidating, bullying and physical assaults by students;

D.     making discriminatory comments to Plaintiff based on sex, transgender status and/or gender identity;

PAGE - 16   **COMPLAINT**

Diane S. Sykes, Attorney at Law, P.C.
5911 S.E. 43rd Avenue
Portland Oregon 97206
503-504-7176
diane@dianessykeslaw.com

E.      failing to provide interpreter services to Plaintiff's parents, who are people of limited English proficiency (LEP);

F.      depriving Plaintiff of an environment that allowed him to participate in school safely and fully because of his protected classes;

G.      failing to educate or train teachers and staff about sexual harassment, gender identity, transgender status, race, color and national origin discrimination.

67.

In taking the actions described in Paragraph 58(A) – (G), Defendants treated Plaintiff differently from his similarly-situated peers, on the basis of his sex, gender identity, transgender status, race, color and/or national origin.

68.

Defendants Kevin Wright and Rachel Allen acted as Final Policy Makers with respect to the actions alleged herein.

69.

Defendants' inadequate and ineffectual training policies and practices amount to a deliberate indifference to Plaintiff's constitutional rights. Plaintiff's injuries could have been averted had Defendants properly trained their employees.

70.

Defendants maintain a longstanding policy, practice or custom that caused the deprivation of a Plaintiff's federally protected rights.

///

 ///

PAGE - 17   **COMPLAINT**

71.

Defendants' discrimination against Plaintiff was intentional or undertaken with deliberate indifference to Plaintiff's constitutional right to Equal Protection, acting under color of law. Defendants made a choice to follow a course of action, among various alternatives, and had no exceedingly persuasive justification for their discrimination.

72.

By the acts and omissions described above, Defendants Springfield Public Schools, Kevin Wright. Rachel Allen, and Doe Defendants 1-3 discriminated against Plaintiff because of his sex, gender identity, transgender status, race and/or national origin, in violation of his right to equal protection of the laws enshrined in the 14th Amendment to the United States Constitution and enforced through 42 U.S.C. § 1983.

73.

As a result of Defendants' discrimination, Plaintiff has suffered economic losses, including medical expenses, transportation costs and other out-of-pocket losses, in an amount to be determined at trial.

74.

As a result of Defendants' discrimination, Plaintiff has suffered noneconomic damages for pain, suffering, humiliation, embarrassment, depression, isolation and disruption to learning, in an amount to be determined at trial.

75.

Punitive damages, in an amount to be determined by the jury, should be awarded to punish Defendants and deter them and others from acting in a similar manner in the future.

PAGE - 18   **COMPLAINT**

76.

Plaintiff is entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. §1988.

**SECOND CLAIM FOR RELIEF**

**Violation of Title IX, U.S.C. § 1681(a) (Discrimination)**

**Against all Defendants**

77.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

78.

Defendants Springfield Public Schools, Kevin Wright, Rachel Allen, and Doe Defendants 1-3 had actual knowledge of discrimination on the basis of Plaintiff's sex, transgender status and gender identity. The discrimination included, but was not limited to, a hostile educational environment that was so severe or pervasive that it deprived Plaintiff of educational opportunities and benefits.

79.

Defendants received at least three (3) complaints of sexual harassment from Plaintiff and his parents but failed to follow Title IX and District Policy JBA/GNB-AR sexual harassment investigation protocols in the following ways:

A.　　Defendants did not evaluate Plaintiff's reports of sexual harassment to determine if the allegations met the definition of sexual harassment under Title IX;

B.　　Defendants did not implement the Title IX grievance procedures or its own sexual harassment policies and procedures;

PAGE - 19　**COMPLAINT**

C.    Defendant Kevin Wright delegated his duties as the Principal to Defendant Rachel Allen, the Vice Principal, although charged with the responsibility for sexual harassment complaints and investigations;

D.    The Human Resources director did not initiate a prompt investigation, meet with Plaintiff and his family within five (5) days of receiving each complaint and failed to reduce findings to writing or apprise Plaintiff of appeal rights;

E.    Defendants failed to coordinate with the District's Title IX Coordinator. As a result, the Title IX Coordinator did not provide Plaintiff and his parents with written notification of the availability of supportive services to Plaintiff and his parents, such as mental health counseling and tutoring services;

F.    Defendants did not provide Plaintiff with information about civil and criminal remedies or the statutes of limitation for those remedies; and

G.    Failing to adequately train staff on policies and protocols to prevent sexual harassment and sexual violence of students.

80.

Defendants did not take effective corrective action to address the discrimination, intimidation, sexual harassment, assault and bullying that they knew was occurring.

81.

Defendants failed to alert staff and administrators about a safety plan devised for Plaintiff or provide any guidance on implementation of a safety plan intended to protect Plaintiff from further harm.

///

PAGE - 20   **COMPLAINT**

82.

Defendants failed to adequately educate or train teachers or administrators on non-discrimination so that Plaintiff could have an educational environment free from harassment and discrimination.

83.

Defendants' utter failure to address known harassment and discrimination was clearly unreasonable in light of the known circumstances and were deliberately indifferent in violation of Title IX of the Education Amendments of 1972.

84.

As a result of Defendants' discrimination under Title IX, Plaintiff has suffered economic losses, including medical expenses, transportation costs and other out-of-pocket losses, in an amount to be determined at trial.

85.

Plaintiff seeks compensatory damages for emotional distress, pain, suffering and humiliation, as a result of Defendants' discrimination under Title IX, in an amount to be determined by a jury.

86.

Defendants' actions were taken in reckless disregard for Plaintiff's rights. Punitive damages should be awarded to deter Defendants and others from depriving Plaintiff and others of their civil rights.

87.

 Plaintiff is entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. §1988.

PAGE - 21   **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

### THIRD CLAIM FOR RELIEF

### Violation of Title IX, U.S.C. § 1681(a) (Retaliation)

### Against all Defendants

88.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

89.

Plaintiff, on his own and through his parents, complained about discrimination, in violation of Title IX, and asserted his rights to non-discrimination under Title IX.

90.

Defendants retaliated against Plaintiff for engaging in protected conduct in the following ways:

A)      Minimizing or dismissing Plaintiff's claims of sexual assault, with full awareness that students were grabbing Plaintiff's genitalia and touching his private areas;

B)      Normalizing students' sexual harassment as typical teenage behavior;

D)      Failing to implement a safety plan for Plaintiff which effectively stopped the students' conduct;

E)      Ridiculing and/or allowing at least one teacher to ridicule Plaintiff for lodging sexual harassment complaints; and

D)      Failing to adequately investigate Plaintiff's sexual harassment complaints, in compliance with Title IX and District policies, and take appropriate and effective corrective action against students who engaged in the sexual harassment and sexual assaults.

PAGE - 22   **COMPLAINT**

91.

As a result of Defendants' retaliation under Title IX, Plaintiff has suffered economic losses, including medical expenses, transportation costs and other out-of-pocket losses, in an amount to be determined at trial.

92.

Plaintiff has suffered from emotional distress, pain, suffering and humiliation, as a result of Defendants' retaliation under Title IX in an amount to be determined at trial.

93.

Defendants' actions were taken in reckless disregard for Plaintiff's rights. Punitive damages should be awarded to deter Defendants and others from depriving Plaintiff and others of their civil rights.

94.

Plaintiff is entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. §1988.

## FOURTH CLAIM FOR RELIEF

### Violation of Title VI, 42 U.S.C. § 2000d (Discrimination)

### Against all Defendants

95.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

96.

Under Title VI, no individual, on the basis of race, sex, color, national origin, disability, religion, age, sexual orientation, or status as a parent, shall be excluded from participation in, be

PAGE - 23   **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

denied the benefits of, or be subjected to discrimination in a Federally conducted education or training program or activity.

97.

Under Title VI and its regulations, language-based discrimination is unlawful discrimination on the basis of national origin.

98.

Title VI requires Defendants to ensure meaningful communication with parents in a language that they can understand, whether through translated materials or a language interpreter, and to adequately notify such parents of information about any program, services or activity that is offered to parents who speak English.

99.

Until Title VI's mandate, Defendants must provide interpretation or translation by appropriate, competent staff with specialized knowledge and training. School districts cannot rely on students, friends or untrained school staff.

100.

Spanish speakers comprise a Limited English Proficiency (LEP) national origin minority group at Defendant Springfield Public Schools.

101.

Defendant District's website touted a Welcome Center as a resource to people of limited English proficiency, claiming that "interpretation services are available for parent communication." However, neither the webpage nor Student Handbook provided contact information for the Welcome Center or any direction on how to access interpretation services.

PAGE - 24   **COMPLAINT**

102.

Oregon Department of Education issued findings that Defendants discriminated against Plaintiff's family, on the basis of race and national origin, by failing to provide effective language assistance as follows:

A.     Language interpretation services were not readily available to Plaintiff's parents when they called or visited Plaintiff's school;

B.     Defendants did not provide a qualified Spanish language interpreter for meetings with Plaintiff's parents. Instead, Defendants would occasionally assign a district employee who did not have training or certification;

C.     School staff who provided interpreter assistance could often not stay for the entire meeting due to other job duties;

D.     In many instances, the interpreter who was present did not completely share or communicate verbatim the interactions between Plaintiff's parents and district staff;

E.     Several meetings with Defendants were cancelled, at the last minute, because an interpreter was not available, creating significant hardship for Plaintiff's parents who had taken time off work to attend; and

F.     Outside service providers would provide interpreters, in some instances, but were not compensated by the District for those services.

103.

Throughout periods relevant to this litigation, Plaintiff's parents conveyed their belief to Defendants and other school staff that they were being discriminated against, on the basis of their

PAGE - 25  **COMPLAINT**

race and national origin, because of the District's failure to respond and take corrective action on their discrimination complaints.

104.

On  May 9, 2023, Plaintiff and his parents met with Kevin Wright and other school administrators to discuss their concerns about the District's unwillingness to meet, failure to promptly and effectively investigate their complaints and the District's failure to provide supportive services, including language assistance. Plaintiff's parents reiterated their belief that their discrimination complaints were not being investigated in the same manner as non-Hispanic student complaints due to their race and national origin. Defendant Wright left the meeting, midway, stating that he had another commitment.

105.

Defendants Springfield Public Schools, Kevin Wright and Rachel Allen intentionally discriminated against Plaintiff, on the basis of race, color and national origin by:

A.      Failing to investigate Plaintiff's complaints of race, color and national origin discrimination and, instead, investigating them as general complaints;

B.      Failing to meet with Plaintiff and his parents to respond to their concerns;

C.      Employing methods of administration which had the effect of subjecting Plaintiff and his parents to discrimination because of their race, color, or national origin; and

D.      Failing to take reasonable steps to ensure meaningful access to programs and services by people of Limited English Proficiency (LEP), in compliance Title VI and Presidential Executive Order (EO) 13166.

///

PAGE - 26   **COMPLAINT**

106.

As a result of the District's discriminatory practices, Plaintiff and his parents were defeated or substantially impaired in their abilities to equally access programs, services and activities funded by federal grants.

107.

In violation of 42 U.S.C. 2000(d), Defendants Springfield Public Schools, Kevin Wright and Rachel Allen discriminated against Plaintiff and his parents, on the basis of their race, color and national origin, by denying or substantially impairing their equal access to programs, services and activities receiving federal financial assistance and treated them differently from non-Hispanic parents and students in the District.

108.

Pursuant to 42 U.S.C. § 2000d-2, Plaintiff seeks economic damages, including medical expenses, transportation costs and other out-of-pocket losses, due to Defendants' discrimination under Title VI, in an amount to be determined at trial.

109.

Pursuant to 42 U.S.C. § 2000d-2, Plaintiff seeks compensatory damages for emotional distress, pain, suffering and humiliation in an amount to be determined at trial.

110.

Plaintiff has suffered an irreparable injury for which monetary damages are inadequate to fully compensate him for that injury. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted and the public interest would not be disserved by a permanent injunction.

PAGE - 27   **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

111.

Pursuant to 42 U.S.C. § 2000d-2, Plaintiff seeks injunctive relief to require Defendants to:

A.    refrain from further sex, gender identity, transgender status, race, color and national origin discrimination;

B.    implement effective protocols and practices to ensure the safety of marginalized student populations;

C.    adequately investigate student discrimination complaints and take prompt and effective action to stop discrimination and retaliation; and

D.    effectively train District staff on discrimination, retaliation and their legal obligations to promptly investigate and address incidents of discrimination or retaliation.

112.

Pursuant to 42 U.S.C. § 2000d-2, Plaintiff seeks attorney fees, costs and disbursements.

### FIFTH CLAIM FOR RELIEF

### Violation of Title VI, 42 U.S.C. § 2000d (Retaliation)

### Against all Defendants

113.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

114.

Defendants claimed that they could not identify qualified interpreter resources due to Plaintiff's parents' expression of frustration about the lack of qualified interpreter services being

PAGE - 28   **COMPLAINT**

provided during District meetings. Defendants' failure to provide qualified interpreter services effectively prevented Plaintiff and his parents from meaningfully participating in district meetings to address their concerns and complaints.

115.

Defendants refused to meet with Plaintiff and his parents to discuss discrimination, harassment, bullying, intimidation and assaults because of Plaintiff's and his parent's opposition to unlawful discrimination.

116.

Defendants did not investigate Plaintiff's discrimination complaints, on the basis of his race, color and national origin, and instead investigated them as general complaints, in retaliation for Plaintiff's persistent efforts to request a prompt investigation into his discrimination complaints.

117.

Defendants failed to take appropriate corrective action sufficient to deter further abuse and discrimination of Plaintiff because of Plaintiff's and his parents' ongoing discrimination complaints. Instead, Defendants characterized the abuse by primarily white students as within the normal realm of age-appropriate behavior.

118.

In retaliation for Plaintiff's discrimination complaints, Defendants disciplined Plaintiff for defending himself from a student assault and punished him by requiring him to do a writing assignment in response to his reporting of student abuse.

///

PAGE - 29   **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

119.

In violation of 42 U.S.C. 2000(d), Defendants Springfield Public Schools, Kevin Wright and Rachel Allen retaliated against Plaintiff and his parents, on the basis of their race, color and national origin, by denying or substantially impairing their equal access to programs, services and activities which federal financial assistance and treated them differently from non-Hispanic parents and students in the District because of their discrimination complaints.

120.

Pursuant to 42 U.S.C. § 2000d-2, Plaintiff seeks economic damages, including medical expenses, transportation costs and other out-of-pocket losses, as a result of Defendants' retaliation under Title VI, in an amount to be determined by a jury.

121.

Pursuant to 42 U.S.C. § 2000d-2, Plaintiff seeks compensatory damages for emotional distress, pain, suffering and humiliation in an amount to be determined by a jury.

122.

Plaintiff has suffered an irreparable injury for which monetary damages are inadequate to fully compensate him for that injury. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted and the public interest would not be disserved by a permanent injunction.

123.

Pursuant to 42 U.S.C. § 2000d-2, Plaintiff seeks injunctive relief to require Defendants to:

A.    refrain from further discrimination and retaliation;

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

B.        implement effective protocols and practices to ensure the safety of marginalized

student populations;

C.        adequately investigate student discrimination complaints and take prompt and

effective action to stop discrimination and retaliation; and

D.        effectively train District staff on discrimination, retaliation and their legal

obligations to promptly investigate and address incidents of discrimination or retaliation.

124.

Pursuant to 42 U.S.C. § 2000d-2, Plaintiff seeks attorney fees, costs and disbursements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award

the following relief:

(1) Injunctive relief requiring Defendants to redress their violations of federal

law including:

(a) adopting and enforcing a comprehensive policy, with the assistance of outside experts,

regarding nondiscrimination, nonretaliation, anti-harassment and bullying, on the basis of sex,

gender identity, race, color and national origin;

(b) effectively enforcing anti-discrimination, protected-class harassment, retaliation and

bullying policies;

(c) creating effective procedures for identifying, classifying and investigating

discrimination and retaliation complaints and an adequate disciplinary scheme calibrated to

prevent or stop the conduct;

 (d) providing qualified interpreters for students and parents of LEP;

PAGE - 31   **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

(e) hiring a qualified counselor for Hamlin Middle School who is trained in discrimination and retaliation on the basis of sex, sexual harassment, gender identity, race, color and national origin;

(f)  providing for an annual, independent review by the Superintendent, with the participation of outside reviewers, of compliance with the nondiscrimination, nonretaliation and anti-harassment policies; and

(g) creating and conducting comprehensive trainings for students, staff and administrators, with the assistance of outside experts, on nondiscrimination, nonretaliation, anti-harassment and bullying, on the basis of sex, gender identity, race and national origin; and compliance with school policies and laws.

(2) An award of economic damages for medical expenses, transportation costs and other out-of-pocket losses, including, without limitation, damages for deprivation of equal access to the educational benefits and opportunities provided by Defendants, in an amount to be established at trial;

(3)  An award of compensatory damages for past, present, and future emotional pain and suffering, ongoing and mental anguish, and loss of past, present, and future enjoyment of life, in an amount to be established at trial;

(4) An award of punitive damages in an amount sufficient to deter future violations;

(5)  Injunctive relief to prevent further discrimination, harassment, retaliation and bullying, as well as to require Defendants to implement policies and practices to adequately address complaints, levy appropriate discipline and train staff on discrimination and retaliation policies and laws;

PAGE - 32  **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

(6) An award of pre- and post-judgment interest;

(7) An award of costs and attorney fees, and

(8) Such other relief as is just and equitable.

DATED this <u>10th</u> day of April, 2025.

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**

s/   Diane S. Sykes
Diane S. Sykes, OSB #980990

[AND]

s/   Caitlin V. Mitchell
Caitlin V. Mitchell, OSB #123964

*Of Attorneys for Plaintiff D.H.M.*

PAGE - 33  **COMPLAINT**